# IN THE COURT OF APPEALS OF IOWA

No. 18-1860
Filed September 11, 2019

IN RE THE MARRIAGE OF ERIKA MICHELLE OLSON
AND MICHAEL ALBERT OLSON

Upon the Petition of
ERIKA MICHELLE OLSON,
        Petitioner-Appellee,

And Concerning
MICHAEL ALBERT OLSON,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Marion County, Terry R. Rickers,

Judge.


        A husband appeals from a temporary order requiring him to pay child

support, spousal support, and attorney fees.  **AFFIRMED.**



        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Becky S. Knutson of Davis, Brown, Koehn, Shors & Roberts, P.C., Des

Moines, for appellee.



        Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

Michael Olson appeals the district court order requiring him to pay temporary child support, spousal support, and attorney fees. We find the district court order for child and spousal support was equitable and the court did not abuse its discretion in ordering temporary attorney fees. We award appellate attorney fees to Erika.

## I. Background Facts & Proceedings

The parties married in 1996.[1] In May 2018, Erika filed for dissolution of marriage. Erika filed for temporary custody, visitation, and support. The parties have two children, one of whom is still a minor. Both children and Erika are covered under Michael's health insurance. It appears Michael generally paid expenses for the home.

The parties entered into a stipulation regarding custody, child support pursuant to the guidelines, and physical care. They did not agree on temporary attorney fees or spousal support, which were submitted to the court. Michael has an annual income of $106,200 from a combination of employment and veteran's income. Michael pays for the family's health insurance. Erika earns $21,951 per year from her employment.

On August 29, the district court entered an order on temporary matters. In addition to the stipulated provisions on custody, the court calculated child support,

---

[1] The parties entered into a prenuptial agreement. However, any provisions relating to child support, spousal support, or waiving related attorney fees are not enforceable. *See* Iowa Code § 596.5(2) (2018); *In re Marriage of Erpelding*, 917 N.W.2d 235, 239–40 (Iowa 2018) (holding "a premarital-agreement provision waiving an award of attorney fees related to issues of child or spousal support adversely affects the right to support" and is therefore "categorically prohibited by section 596.5(2)").

ordered the parties split additional medical expenses for the child, and ordered Michael to pay Erika $2000 a month in temporary spousal support and $3000 in temporary attorney fees. The court did not make separate findings of fact beyond the stipulation.

Michael filed a motion to expand or enlarge the court's findings. As a result, the court reduced the temporary spousal support by $250—approximately the value of the health insurance premium attributable to Erika—and required Erika to be responsible for the loan for her vehicle. The temporary child support and temporary attorney fee awards were confirmed.

Michael appeals.

## II. Standard of Review

A dissolution of marriage action is an equitable proceeding. *In re Marriage of Thatcher*, 864 N.W.2d 533, 537 (Iowa 2015). We review equity actions de novo. Iowa R. App. P. 6.907. We examine the entire record and adjudicate anew the issues properly presented. *In re Marriage of Smith*, 573 N.W.2d 924, 926 (Iowa 1998). That said, "we accord the trial court considerable latitude in resolving disputed claims and will disturb a ruling 'only when there has been a failure to do equity.'" *Id.* (citation omitted).

## III. Analysis

*Temporary child support.* Michael contests the portion of health insurance allocated to the child under the guidelines. He claims the court should have used $507 per month for the child's portion of the health insurance in its calculations

instead of $300. Michael claims this deduction would reduce temporary child support from $1008 per month to $913.54 per month.[2]

Michael pays $850 per month for health insurance for the entire family—himself, Erika, and both children. In his calculations, he also includes dental insurance, which costs $116 per month for the entire family, for a total of $968 per month for insurance. The costs for him as an individual would be $164 for health, and forty-three dollars for dental, totaling $207 per month. We follow the formula in Iowa Court rule 9.14(5), describing how to calculate the child's portion of the premium—subtracting Michael's individual portion from the total premium, then dividing by the number of persons on the plan to reach $253.67 attributable to each child and Erika.

Michael claims that because the older child is not part of this action, whether the older child is currently covered under his insurance should have no effect on premiums for the younger child included on the child support guidelines form. Our child support guidelines direct the court to allocate a portion of insurance premiums to *each* person covered, whether they are subject to the pending action or not. Iowa Ct. R. 9.14(5)(b). For Michael to attribute the entire premium to the younger child, he would have to show the plan only covers the younger child, not the older child. We find the court's child support calculation is equitable.

*Temporary spousal support.* The court's original order required Michael to pay Erika $2000 a month in temporary spousal support. Michael filed a motion to amend and enlarge, which resulted in the court reducing the temporary monthly

---

[2] To reach Michael's desired child support amount requires other income adjustments on the guidelines sheet not discussed in the briefs.

support payment to $1750. On appeal, Michael contests some of the budgeted expenses included in Erika's financial affidavit.

Orders for spousal support are based on criteria found in Iowa Code section 598.21A. The award is circumstance-dependent and considers the comparative earning capacity of each party. *See In re Marriage of Schenkelberg*, 824 N.W.2d 481, 486–87 (Iowa 2012). The amount is calculated equitably, and we only disturb the award if it fails to do equity. *Id.* at 486.

Michael claims the temporary spousal support award is inequitable, but he does not suggest an amount he considers equitable.[3] The temporary spousal support award is approximately one-quarter of Michael's monthly income. Erika's monthly income, temporary spousal support award, and child support equal almost exactly one-half of the post-tax combined income of Michael and Erika. We find the district court's temporary spousal support award is equitable.

*Temporary attorney fees.* Michael claims he should not have been ordered to pay any of Erika's attorney fees in light of the temporary child support and spousal support award and her decision to dissipate assets by going on a vacation by herself rather than paying her attorney fees or other expenses. He claims the award would force him to liquidate assets protected by a preservation order or premarital assets protected by their prenuptial agreement.

An award of attorney fees is within the discretion of the trial court. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). In order to overturn an award of attorney fees, a party must show the ruling "rests on grounds that are

---

[3] At the hearing on his motion to amend and enlarge, Michael suggested Erika should not receive any spousal support.

clearly unreasonable or untenable." *In re Marriage of Erpelding*, 917 N.W.2d 235, 238 (Iowa 2018) (citation omitted). "A ruling is clearly unreasonable or untenable when it is 'not supported by substantial evidence or when it is based on an erroneous application of law.'" *In re Marriage of Kimbro*, 826 N.W.2d 696, 698–99 (Iowa 2013) (citation omitted). We find the district court did not abuse its discretion by ordering Michael to pay $3000 of Erika's attorney fees for temporary matters.

*Appellate attorney fees.* Both parties have requested an award of appellate attorney fees. The award of appellate attorney fees is discretionary and we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Sullins*, 715 N.W.2d at 255 (citation omitted). In determining their respective abilities to pay, we consider each party's entire financial picture. *Kimbro*, 826 N.W.2d at 704. Considering all the circumstances, we order Michael to pay $4000 toward Erika's appellate attorney fees.

**AFFIRMED.**